# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**AARON D. BIRTCHER,**
**Grievant Below, Petitioner**

FILED
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-470**   (Grievance Bd. Case No. 2025-0077-NCC)

**WEST VIRGINIA NORTHERN**
**COMMUNITY COLLEGE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Aaron D. Birtcher appeals the November 14, 2024, dismissal order from the West Virginia Public Employees Grievance Board's ("Grievance Board") administrative law judge ("ALJ"). Respondent West Virginia Northern Community College ("Northern") filed a response.[1] Mr. Birtcher filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Northern formerly contractually employed Mr. Birtcher to teach MIG Welding I and MIG Welding II courses. Mr. Birtcher's most recent term of employment was to teach twenty hours of courses from December 5, 2022, to December 16, 2022, at Northern's Wheeling campus in exchange for $750.00 in pay.

On March 24, 2023, Northern sent an email to Mr. Birtcher that informed him that Northern was "no longer in need of [his] instructional services."

Some sixteen months later, on August 14, 2024, Mr. Birtcher filed his grievance, which alleged that he was terminated from his position after reporting the sexual assault of a student by a welding technician employed by Northern. Mr. Birtcher alleged that he was terminated under the pretext that he had failed a required welding certification examination, and all of the students failed their final examinations in one of the courses that he taught.

---

[1] Mr. Birtcher is represented by Erika Klie Kolenich, Esq. Northern is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Kristi A. McWhirter, Esq.

1

However, Mr. Birtcher alleged these failing grades were fraudulently issued, and the welding technician that Mr. Birtcher reported for sexual assault sabotaged the test welds produced by Mr. Birtcher. He also alleged that his termination was in violation of policies and procedures, was arbitrary, and was in violation of the law.

On August 29, 2024, Northern filed its motion to dismiss on the basis that Mr. Birtcher did not timely file his grievance and the Grievance Board could not hear claims regarding retaliation based upon a protected class. Mr. Birtcher opposed the motion and argued that the deadline for filing his grievance should be tolled via equitable estoppel and that the Grievance Board was permitted to hear such grievances.

On September 9, 2024, the ALJ set a hearing on the motion to dismiss for October 31, 2024. The notice of hearing specifically stated that the parties should be prepared to present their evidence and warned that parties would not be permitted to present evidence after the hearing concluded.

On October 31, 2024, the ALJ held a hearing on the motion to dismiss. Counsel for both parties appeared at the hearing, but Mr. Birtcher did not. At the hearing, counsel for Mr. Birtcher requested an evidentiary hearing and for the ALJ to wait to decide the timeliness issue until after a level III hearing. Counsel for Northern responded that Mr. Birtcher was required to present evidence related to the motion to dismiss at the current hearing.

In its November 14, 2024, dismissal order, the ALJ concluded that Mr. Birtcher failed to file his grievance within the statutory timeframe and therefore the grievance should be dismissed. It is from this order that Mr. Birtcher appeals.

Our governing standard of review for a contested case from the Grievance Board is as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal).

On appeal, Mr. Birtcher asserts in his only assignment of error that "[t]he Grievance Board erred in failing to find that the time period to file this matter was tolled by the principles of equitable estoppel, and further that this matter involves such substantial public policy that it must be heard by the Grievance Board."

West Virginia Code § 6C-2-4(a)(1) (2023) provides, in pertinent part:

[w]ithin 15 days following the occurrence of the event upon which the grievance is based, within 15 days of the date upon which the event became known to the employee, or within 15 days of the most recent occurrence of a continuing practice giving rise to a grievance, an employee may file a written grievance. . . .

As noted previously, Mr. Birtcher waited approximately sixteen months to file his grievance after the occurrence of the event upon which the grievance is based, i.e., his termination from employment, well after the fifteen-day limit prescribed by statute. While Mr. Birtcher argues that various doctrines should toll the time period prescribed in § 6C-2-4(a)(1), Mr. Birtcher failed to put on any evidence demonstrating such doctrines applied to the facts of his failure to timely file his grievance.[2] Mr. Birtcher was specifically informed in the notice of hearing for the October 31, 2024, hearing that he should be prepared to put on evidence. He failed to do so. Accordingly, there is no basis in the record to conclude that the Grievance Board's decision to dismiss Mr. Birtcher's grievance as untimely was in violation of constitutional or statutory provisions; in excess of the statutory authority or jurisdiction of the agency; made upon unlawful procedures; affected by other error of law; clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Based on the foregoing, we affirm the Grievance Board's November 14, 2024, dismissal order.

Affirmed.

---

[2] At the hearing, Mr. Birtcher's counsel proffered that Northern provided Mr. Birtcher with a pretextual reason for his termination. The Grievance Board found this inadequate to toll the deadline to file a grievance under the principle of equitable estoppel.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White